*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| **ROGER P. MADDEN,** ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | *Docket No. 05-150-B-W* |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| *Defendant* ) | |

*REPORT AND RECOMMENDED DECISION[1]*

This Social Security Disability ("SSD") appeals raises the question whether the administrative law judge erred in failing to find a severe mental impairment before the date last insured. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff remained insured only through December 31, 1978, Finding 1, Record at 23; that on that date the plaintiff suffered from anxiety neurosis, atopic dermatitis, varicose veins and polysubstance abuse, Finding 3, *id*; that his statements concerning his impairments and their impact on his ability to work at the relevant time were not credible, Finding 4, *id*.; that none of his impairments were severe, Finding 5, *id*.; and that the plaintiff accordingly was not under a

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on May 26, 2006 (*continued on next page*)

1

disability, as that term is defined in the Social Security Act, at any time through December 31, 1978, Finding 6, *id.*  The Appeals Council declined to review the decision, *id.* at 8-10, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential process, at which stage the plaintiff bears the burden of proof.  However, it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir. 1986).  When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id.* at 1124 (quoting Social Security Ruling 85-28).

## Discussion

The plaintiff contends that he met his Step 2 burden of showing that he had a severe mental health impairment before December 31, 1978.  Itemized Statement of Errors ("Itemized Statement") (Docket No. 10) at 2-3.  He identifies this impairment as anxiety neurosis.  *Id.* at 8.  He broadly relies

---

pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to
(*continued on next page*)

on medical records for the period from 1972 through 2000. *Id*. at 4. He specifically cites and relies on records from June 1972, October 1972, July and August 1973 and January 1974. *Id*. at 4-5. The problem for the plaintiff with reliance on this medical information is that he has alleged that he has been disabled since March 1, 1974, Record at 19, and the only evidence in the record is that he continued to be employed full-time as an Edison Company utility groundsman during the period addressed by the medical records on which he specifically relies. He testified that he performed this job for five years, *id*. at 1180, and that he was treated by the Veterans Administration health system in California from 1970 through 1975, *id*. at 1195. One of his application forms lists the date last worked at this job as March 1974. *Id*. at 90.

The plaintiff cites pages 982 and 976 of the record as medical evidence of "a deep pattern of a major mental illness with complications." Itemized Statement at 4-5. Those pages are dated June 1972 and October 1972. He was working at this time. He also cites page 968 of the record, *id*. at 5; the physician's note on that page includes the statement "he works in Edison Company with a net income of $700 monthly." He cites page 966 of the record, *id*., a psychologist's noted dated September 6, 1973, and page 965, *id*., a note by the same psychologist dated January 31, 1974, recording the fact that the plaintiff did not return for therapy after the initial interview on September 6, 1973 and was "being terminated again." These records cannot reasonably be construed to show that the anxiety neurosis diagnosis had more than a minimal effect on the plaintiff's ability to work at this time. It is the plaintiff's burden to show that a severe impairment existed before the date last insured. The existence of such an impairment must be shown by medical evidence, not by the plaintiff's own testimony about symptoms or their effect on him. 20 C.F.R. § 404.1512(c); *Flint v. Sullivan*, 951 F.2d

---

relevant statutes, regulations, case authority and page references to the administrative record.

264, 267 (10th Cir. 1991). The plaintiff has not cited any medical evidence of the existence of any such limitation on his ability to work before December 31, 1978.

While the lack of such evidence makes it unnecessary to address the other points raised in the plaintiff's statement of errors, I also reject his assertion, Itemized Statement at 8, that the testimony of the medical expert at the hearing before the administrative law judge was that the plaintiff "suffered from a major mental health disorder" at the relevant time. None of the testimony extensively cited in the statement of errors, *id*. at 7-9, is necessarily inconsistent with the medical expert's testimony that "I can't be sure what was going on during that period" and that he did not have enough information to make a diagnosis. Record at 1196. The plaintiff's attorney, who cross-examined the medical expert, never asked him what effect, if any, the plaintiff's condition as described in the contemporaneous medical records had on the plaintiff's ability to work. *Id*. at 1197-1200, 1201-02. There are no medical records of any treatment for any mental impairment between the alleged date of onset and the date last insured.

The plaintiff suggests in a footnote that this matter should be remanded because "no PRTF was used to evaluate the claimant's impairments after the medical evidence was produced for the period prior to the date of last insured status." Itemized Statement at 4 n.1. He cites *Keith v. Barnhart*, 2004 WL 2378864 (D. Me. Oct. 25, 2004), in support of this contention. *Id*. at 4. However, that case is distinguishable. In *Keith*, there was no testimony from a medical expert. Here, the medical expert, who had all of the medical information that the plaintiff has been able to provide, also testified that there was insufficient evidence to allow him to determine whether the plaintiff had a severe impairment before the relevant date. The medical expert and the administrative law judge applied the technique as much as they possibly could, given the lack of evidence, at the hearing and in the decision, respectively. Record at 1188-1202, 21-22. This is all that is required by the applicable

4

regulation. 20 C.F.R. § 404.1520a(e). The administrative law judge could rely on that testimony, regardless of what information had been available to the state-agency physician reviewers who said the same thing. Even if that were not the case, it is far from clear that the three Psychiatric Review Technique Forms ("PRTFs") in the record in this case were all completed without access to all of the medical information from the relevant period.

The PRTFs were dated October 22, 1997 (Record at 111), December 11, 1997 (*id.* at 121) and August 10, 2001 (*id.* at 487). The first PRTF does not identify the information reviewed. *Id.* at 111-20. The second PRTF states: "No medical evidence available for that time period [before December 31, 1978]." *Id.* at 122. As the plaintiff points out, Itemized Statement at 3, the third PRTF states: "Prior file has VA records 1/22/97-8/18/97. Denied on insufficient evidence. Current file has VA records from Rating eval done 12/21/92[;] Last one done 11/14/75 but not included." Record at 488. Unlike the plaintiff, I do not necessarily read the latter entry as evidence that the physician reviewer had no medical records from the relevant time period. The medical records on which the plaintiff relies, Exhibits B-13-F through B-16-F, Itemized Statement at 4, do not bear any indication of the date on which they were received by the state agency or the Social Security Administration. Counsel for the plaintiff was unable at oral argument to cite any evidence of the date on which these documents were submitted, so there is no way to tell whether they were available to the physician reviewers. In any event, it is not necessary to resolve this question for the reasons already stated.

Finally, it is not necessary to reach the plaintiff's brief argument about the administrative law judge's assessment of his credibility, *id.* at 8-9, because the Step 2 decision must be based on medical evidence only. 20 C.F.R. §§ 404.1508, 404.1520a(b)(1); Social Security Ruling 85-28, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 390-95.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 1st day of June, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge